OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Rich.
[Cite as Disciplinary Counsel v. Rich (1994),      Ohio St.
3d      .]
Attorneys at law -- Misconduct -- Public reprimand -- Handling
     paternity action for a plaintiff without disclosing to her
     that the defendant was his client.
     (No. 93-2517 -- Submitted March 22, 1994 -- Decided June
22, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-28.
     On April 22, 1992, relator, Office of Disciplinary
Counsel, filed a complaint against respondent, Gary R. Rich of
Warren, Ohio, Attorney Registration No. 0000115, alleging among
other things that respondent had committed misconduct by
handling a paternity action for Katie Henninger without
disclosing to her that the defendant, Dr. Robert Sabatini, was
his client.  The complaint charged eleven violations of the
Code of Professional Responsibility.
     On May 14, 1992, respondent filed an answer denying the
material allegations of the complaint.  On June 4, 1993, the
parties filed agreed stipulations and exhibits.  The
stipulations varied the allegations of the original complaint
and reduced to three the alleged violations of the code:  DR
1-102(A)(5) (conduct prejudicial to the administration of
justice), 1-102(A)(6) (conduct that adversely reflects on
fitness to practice law), and 7-104(A)(2), (giving advice,
other than to secure counsel, to a person not represented by a
lawyer where the person's interests and the lawyer's client's
interest have a reasonable possibility of being in conflict).
     The matter was heard before a panel of the Board of
Commissioners on Grievances and Discipline of the Supreme Court
on June 7, 1993.
     The parties stipulated to the following facts as the basis
for the alleged violations:
     "1.  Respondent, Gary Robert Rich, an attorney at law, was
admitted to practice law in the State of Ohio on November 6,
1981.  Respondent is subject to the Supreme Court Rules for the
Government of the Bar.

"2. In December of 1987 or January of 1988, Kathryn Lynn (Halasyn) Henninger (aka Katie Henninger) meet [sic] with the Respondent concerning a parentage action against his client, Dr. Robert E. Sabatini.

"3. On August 11, 1985, Ms. Henninger gave birth to Erica Anne Halasyn.

"4. Respondent became acquainted with Dr. Robert E. Sabatini in approximately 1983. Dr. Sabatini was a partner and principal investor in B&R Realty, which held numerous corporations, including among others, Anthony Land Corp., Ponderosa Park, Eastern Resort, and Damon's Clay Park. Starting in about 1985, Respondent began doing some of the legal work for various business enterprises of Dr. Sabatini, besides handling some of Dr. Sabatini's personal legal matters.

"5. Since their initial acquaintance in 1983, Respondent and Dr. Robert Sabatini maintained a close business and social relationship. Respondent said of Dr. Sabatini: 'He's my friend and my client.'

"6. Dr. Sabatini was a friend and a client of the Respondent's, when Katie Henninger came into the Respondent's office.

"7. Just prior to her first appointment with Respondent, Ms. Henninger discussed her case with Respondent's wife, who was his receptionist at that time. Respondent was advised of reason [sic] for Ms. Henninger's visit.

"8. Approximately one (1) week after her first visit, Ms. Henninger returned for another meeting with Respondent. During this meeting, Respondent dictated parentage papers in the presence of Ms. Henninger.

"9. On January 14, 1988, a third meeting was held at the Respondent's office with Katie Henninger and her mother-in-law, Marie Henninger. They were presented with five (5) documents to sign, including: 1.) a Complaint for parentage; 2.) Request for Appointment of Guardian Ad Litem; 3.) Motion to Appoint a Guardian Ad Litem; 4.) Judgment Entry Appointing Guardian Ad Litem; and 5.) Judgment Entry finding Dr. Sabatini not to be the father of the child and dismissing the case.

"10. On January 15, 1988, at 9:34 a.m., Respondent filed seven (7) documents in the Juvenile Division of the Domestic Relations Court of Trumull County:

1.) Complaint to establish the parentage of Erica Ann Halasyn and to set child support;

"2.) Request for the appointment of Marie Henninger as Guardian ad Litem of Erica Ann[e] Halasyn;

"3.) Motion to Appoint Guardian ad Litem;

"4.) Judgment Entry Appointing Marie Henninger as Guardian ad Litem for Erica Halasyn;

"5.) Notice of Representation that Gary R. Rich was the attorney for Robert E. Sabatini;

"6.) Answer of Defendant, Robert E. Sabatini; and

"7.) Judgment Entry Dismissing the matter with prejudice.

"11. Items 1-4 (as noted above in paragraph 9) were prepared and filed on plain legal paper, whereas Items 5-7 were prepared on legal paper with the Respondent's name, address and phone number.

"12. During his deposition on January 6, 1992, Respondent stated that his letterhead legal paper is used only for clients

that he represented.

"13. Respondent took the papers to the courthouse for filing in the Trumbull County Common Pleas Court, Domestic Relations and Juvenile Division. On the same day, Judge Panagis dismissed the case, without the scheduling of any hearing or a discussion with the Plaintiff, Katie Henninger.

"14. Upon the filing of the documents, Respondent received a receipt from the clerk (Receipt No. 28996), reflecting that Sixty Dollars ($60.00) had been received for filing fees from Katie Henninger. Katie Henninger did not pay the fees, even though the receipt was made out to her. Respondent paid the filing costs.

"15. Even though Judge Panagis signed the final judgment entry dismissing the parentage case on the same day it was filed, Respondent thereafter on January 20, 1988 filed a Waiver of Service of Summons on the Defendant.

"16. Section 3111.19 of the Ohio Revised Code, reads as follows:

"'After an action has been brought and before judgment, the alleged father and the mother may, subject to the approval of the court, compromise the action by an agreement in which the parent and child relationship is not determined but in which a specific economic obligation is undertaken by the alleged parent in favor of the child. In reviewing the obligation undertaken by the alleged parent, the court shall consider the interest of the child, the factors set forth in division (E) of section 3111.13 of the Revised Code, and the probability of establishing the existence of a parent and child relationship in a trial.'

"The Judgment Entry prepared by the Respondent did in fact determine the father/child relationship. Respondent was aware of the contents of this regulation, prior to the drafting of the court papers.

"17. On January 29, 1990, the Trumbull County Prosecuting Attorney's Office filed a parentage Complaint on behalf of the minor child, Erica Ann[e] Halasyn, in the Trumbull County Common Pleas Court, Domestic Relations Division, Juvenile Department. On February 6, 1990, Respondent filed Notice of Representation, on behalf of the Defendant, Robert E. Sabatini, along with a Motion to Dismiss Res Judicata and proposed Judgment Entry. When Respondent took his papers to court for filing, he obtained the case from a Clerk and personally gave it to Judge Panagis. Three (3) days later on February 9, 1990, without a hearing, Judge Panagis signed a Judgment Entry drafted by the Respondent dismissing the action.

"18. The Trumbull County Prosecutor's Office appealed both cases to the Court of Appeals, Eleventh District, Trumbull County, Ohio, in Case Nos. 90-T-4369 and 90-T-4394. On February 11, 1991, the Court reversed the trial court's order to the [sic] dismiss the second parentage action based upon res judicata. The case was remanded back to the trial court for further proceedings consistent with the appellate decision. To date, this matter remains unresolved. Respondent no longer represents Dr. Sabatini."

There was conflicting evidence whether respondent had informed Katie Henninger that he represented Dr. Sabatini's interests in the paternity proceedings. Henninger testified

that respondent did not disclose to her that he represented Dr. Sabatini and that she felt throughout the proceedings that respondent was her lawyer.  On the other hand, John A. Leopardi, a lawyer Henninger had engaged to try to settle the paternity matter before she contacted respondent, testified that he had informed Henninger that respondent was Dr. Sabatini's lawyer.  Respondent also testified that he told Henninger when she first came to his office that he represented Dr. Sabatini.  The panel apparently accepted respondent's evidence on this matter, as it stated:

"Ms. Henninger testified categorically that she did not know Gary Rich represented Dr. Sabatini; however, there was some indication that she knew that there was a relationship between Rich and Sabatini.  It was not crystal clear if she understood the subtle differences between a business relationship or friendship and that of attorney[-]client."

However, even so finding, the panel concluded that respondent violated DR 7-104(A)(2), as well as DR 1-102(A)(5) and 1-102(A)(6).  The panel recommended that respondent be given a suspension for one year.  The board adopted the findings of fact, conclusions of law, and recommendation of the panel, and also recommended that costs be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Anne Steuk, Assistant Disciplinary Counsel, for relator.

Charles W. Kettlewell, for respondent.

Per Curiam.  Respondent filed objections to the findings of fact, conclusions of law and recommendations of the board, arguing that the facts do not warrant a finding of a violation of DR 7-104(A)(2), which states:

"(A)  During the course of his representation of a client a lawyer shall not:

"* * *

"(2)  Give advice to a person who is not represented by a lawyer, other than advice to secure counsel, if the interests of such person are or have a reasonable possibility of being in conflict with the interests of his client."

We find that by preparing and submitting the legal documents on behalf of Katie Henninger and her child, respondent, in effect, gave advice to those persons whose interests were in conflict with his client, Dr. Sabatini.  In particular, respondent arranged for the appointment of Marie Henninger and for the signing of the consent judgment entry by her on behalf of the child.  Therefore, we adopt the findings and fact and conclusions of law of the board.  Nevertheless, we find the discipline recommended to be too severe under all the facts and circumstances of the case.  We therefore reduce the discipline to a public reprimand.

Costs taxed to respondent.

Judgment accordingly.

A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Moyer, C.J., dissents, adopts the recommendations, and would suspend respondent from the practice of law for one year.